UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



ROBERT JONES

V.  PRISONER
 CASE NO. 3:11CV706 (AWT)
F. LARA, WARDEN

**ORDER**

The petitioner is an inmate at the Otisville Federal Correctional Institution in Otisville, New York. He originally filed this habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York. On April 25, 2011, Chief Judge Loretta A. Preska transferred the petition to this district. The petitioner has not paid the filing fee or submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but has submitted an inmate account statement. The court construes this submission as the petitioner's request that he be permitted to proceed *in forma pauperis* in this action.

The petitioner's inmate account statement covers a period from November 21, 2010 to May 4, 2011. The petitioner's current balance is $7.81 in his account. The account statement reflects, however, that since December 2010, the petitioner has held a prison job and earns at least $18.00 per month. In addition, since November 21, 2010, over $800.00 in additional funds have been deposited into the petitioner's account.

It is well settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217-18 (1993); *Monti v. McKeon*, 600 F. Supp. 112, 113 (D. Conn. 1984), *aff'd mem.* 788 F.2d 1 (2d Cir. 1985). In exercising this discretion under section 1915(a), the district court must determine whether the burden of paying the fee for filing would either hamper the petitioner's ability to obtain the necessities of life or force him to abandon the action. *See Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983).

Although, the petitioner's inmate account statement reflects a balance of $7.81, it is clear that the petitioner has received regular deposits to the account from outside sources and earns a salary for work in the prison. Furthermore, as a prisoner, the petitioner bears no costs for room or board. From this information, this court can discern no reason why requiring this petitioner to pay the $5.00 filing fee to commence this action would force him to forego the necessities of life or abandon this action. *See Potnick*, 701 F.2d at 244. The petitioner has not demonstrated a substantial showing of indigence which is required before *in forma pauperis* status may be granted under section 1915.

In light of the financial information submitted by the

petitioner, it would be inappropriate to permit the action to proceed in this court, without payment of fees, under 28 U.S.C. § 1915. The Court notes that the petitioner's habeas corpus petition will be deemed filed as of March 24, 2011, the date it was originally received in the Clerk's Office in the United States District Court for the Southern District of New York, so long as the filing fee is submitted within the time allotted by this order.

All further proceedings in the matter shall be held in abeyance for 30 days pending the petitioner's delivery of the filing fee in the amount of $5.00 (cash, money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Blvd., Bridgeport, Connecticut, 06604. Failure to tender the filing fee within 30 days of this Order will result in the dismissal of this action.

SO ORDERED this ____ day of July, 2011, at Bridgeport, Connecticut.

/s/ Holly B. Fitzsimmons, USMJ

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE