UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT

ROBERT JONES

     V.
                                           PRISONER
                                  CASE NO. 3:11cv706 (AWT)
F. LARA, WARDEN

                          **RULING AND ORDER**

     The petitioner is currently incarcerated at the Otisville Federal Correctional Institution in Otisville, New York.  In March 2011, the petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York challenging a 2002 federal conviction and sentence imposed upon him by Janet C. Hall, United States District Judge for the District of Connecticut.  On April 25, 2011, the Chief Judge of the United States District Court for the Southern District of New York transferred the petition to this District.  The petitioner paid the filing fee on August 15, 2011.

I.   **Procedural Background**

     On February 28, 2002, in *United States v. Boyd, et al.*, Case No. 3:00cr263 (JCH), the petitioner pled guilty to one count of conspiracy to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846.  On December 9, 2002, Judge Hall orally sentenced the petitioner to 164 months of imprisonment.  *See id.* (Sentencing Hearing and Transcript of Hearing, Docs. Nos. 1255, 1843.)  The Clerk, however, entered

judgment stating that the petitioner had been sentenced to 188 months of imprisonment.  On October 26, 2007, the court granted the petitioner's motion to correct a clerical error in the judgment and directed the Clerk to enter an Amended Judgment reflecting that the court had sentenced the petitioner to 164 months of imprisonment, to be served concurrently to his state sentence.  *See id.*, (Rul. Granting Mot. Correct Error in J., Doc. No. 1851.)  The Clerk entered the Amended Judgment on November 2, 2007.

   On July 21, 2006, the petitioner filed a motion to vacate or set aside sentence claiming ineffective assistance of counsel at sentencing.  *See Jones v. United States*, Case No. 3:06cv1127 (JCH).  On December 14, 2006, the court denied the motion.  *See id.* (Rul. Denying Mot. Vacate, Set Aside, Correct Sentence, Doc. No. 8.)  On February 28, 2008, the United States Court of Appeals for the Second Circuit dismissed the petitioner's appeal from the denial of the section 2255 motion.  *See id.* (Mandate of United States Court of Appeals for the Second Circuit, Doc. No. 18.)

    The present petition challenges the petitioner's federal conviction and sentence on the ground that the court improperly sentenced him as a career offender.  Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States.  *See Triestman v. United States*, 124 F.3d

361, 373 (2d Cir. 1997). Today, this authority is codified at 28 U.S.C. § 2241(c)(3). In 1948, however, Congress enacted 28 U.S.C. § 2255. This statute "channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." *Triestman*, 124 F.3d at 373.

Currently, "[a] motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (emphasis in original) (citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)). A § 2255 motion, on the other hand, is considered "the proper vehicle for a federal prisoner's challenge to [the imposition of] his conviction and sentence." *Id.* at 146-47. Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to § 2255 rather than a petition filed pursuant to § 2241.

Because the present petition challenges the legality of the petitioner's sentence, it should have been filed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the court in which the petitioner was sentenced. In

3

*Jiminian*, 245 F.3d at 148, the Second Circuit held that a district court may construe a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 as a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, without providing the petitioner with notice or an opportunity to withdraw the petition, as long as the petitioner "has had a prior § 2255 motion dismissed on the merits."

Here, the petitioner filed a prior motion pursuant to section 2255 and the court denied the motion on the merits. *See Jones v. United States*, Case no. 3:06cv1127 (JCH) (Rul. Mot. Vacate, Set Aside, Correct Sentence) (D. Conn. Dec. 14, 2006). Accordingly, the court construes the petition for habeas corpus as a second motion filed pursuant to 28 U.S.C. § 2255.

The district court has no power to entertain a second or successive section 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court. *See* 28 U.S.C. § 2244(b)(3); *Nelson v. United States*, 115 F.3d 136, 136 (2d Cir. 1997) (*per curiam*) (vacating "for lack of jurisdiction" a district court judgment that dealt with a successive § 2255 motion "on its merits" where this Court had not granted authorization for the filing of that motion). Where the court determines that a petition raises only claims which are properly brought under section 2255, that the petitioner has filed a prior section 2255 motion which was dealt with on the merits, and that the petitioner has not obtained authorization

from the court of appeals to file a second petition, the district court must transfer the motion to the Court of Appeals.  *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curiam*).  Because the petitioner's prior section 2255 motion was decided by this court on the merits, the court must follow the directive given to district courts in *Liriano* and transfer this petition, which challenges his federal conviction, to the United States Court of Appeals for the Second Circuit in the interest of justice, pursuant to 28 U.S.C. § 1631.

Accordingly, in accordance with the requirements of 28 U.S.C. § 2255 and pursuant to 28 U.S.C. § 1631, the Clerk is directed to transfer this case to the United States Court of Appeals for the Second Circuit to enable that court to determine whether the claim raised in this petition should be considered by the district court.

It is so ordered.

Date this 23rd day of April 2012, at Hartford, Connecticut.

                                        /s/AWT
                              Alvin W. Thompson
                       United States District Judge